Opinion of the Court by
Judge Owsley,
On the 15th of January, 1818, an indenture was entered into between Herndon and McGrath, wherein it is witnessed, that the said Herndon, on that day, put and placed his son, Gideon Herndon, to and with the said McGrath, a tailor, as an apprentice, and with him, the said McGrath, faithfully and honestly to serve as an apprentice in ail lawful commands, from the 16th instant, for and during the term of four years and three months; and the said McGrath agrees, on his part, to furnish the said Gideon with good and sufficient meat, drink, washing, lodging and clothing, befitting an apprentice, *481 for and during the said term of four years and three months, and to learn him, the said Gideon, as far as him, the said Gideon, shall be capable of instruction, the art and mystery necessary to be known and understood by a tailor, &c.
Declaration by M'Grath against Herndon, on the indenture, alleging for breach the departure of the son from his service.
Plea by Herndon, that his son was forced to abandon the service of M'Grath because of his ill treatment.
Verdict for defendant; motion for new trial; overruled, and judgement.
Upon this indenture, McGrath brought an action of covenant against Herndon; and in his declaration, after setting out the covenants on the part of Herndon, alleges for breach, that the said Gideon did not, nor would be, faithfully serve the said McGrath, four years and three months, from the 16th of January, 1818, according to the tenor and effect, true intent and meaning of the said indenture; but on the contrary, and in violaron thereof, he. the said Gideon, during the said term of four years and three months, and a longtime before the said term had elapsed, commencing on the 16th day of January, 1818, did unlawfully absent himself from the service of the said McGrath, to wit: on the 23rd day of June, 1821, and hath front thence, hitherto remained, and continued absent from the service of the said McGrath, contrary to the tenor and effect of the said indenture, &c.
Herndon pleaded, that his son Gideon did, on the 16th day of January, 1818. commence working with the plaintiff, McGrath, under and in pursuance of the writing declared on. and did continue to live with the plaintiff as an apprentice, until about the 1st day of July, 1821, when the plaintiff, by his wrongful and cruel treatment, to wit: by whipping and cowhiding the said Gideon, did force and drive him from the service of the said plaintiff, &c.
This plea was traversed by McGrath. and issue tendered by him to the country, which was joined by Herndon.
The issue was tried by a jury, and verdict found for Herndon. A motion was then made for a new trial; but it was overruled and judgment rendered in bar of McGrath’s action.
To reverse that judgment, this writ of error is prosecuted.
Assignment of error.
In covenant against the father on the indentures of apprenticeship of his son to a tradesman, for his son’s departure, plea, than the pl’ff. had, by wrongful and cruel treatment, driven the son from his service, is sufficient.
If the evidence, all admitted to be true, conduces in no degree to prove the plea, and the jury find for defendant there must be a new trial.
Two errors are assigned: 1st, that the plea of Herndon is insufficient in law to bar the action, and that the issue thereon is immaterial; 2nd. that the court erred in not awarding the new trial.
The plea, we think, a good one. To enable Gid con Herndon to perform the service which, as an apprentice, his father covenanted that he should perform. required the continued co-operation of Mr Grath. The service was to be performed in the course of McGrath’s business as tailor, and his direction and instruction was indispensably necessary, to enable Gideon to discharge his duly as at apprentice. It was in fact, utterly impracticable for Gideon, in opposition to the will, and against the commands of McGrath to continue in his service; and if. as is alleged in the plea, Gideon was driven from the service of McGrath by his cruel and in hitman treatment, the non performance of the service must have resulted from the fault, of McGrath; and of course, he can have no just cause of action upon the indenture against Herndon, the father. The plea must, therefore, he admitted to contain sufficient matter in bar of the action, add the issue made up thereon is, consequently. not immaterial.
But in not awarding a new trial, we are of opinion, the court erred, The application for a new trial was made upon the ground of the verdict being against evidence and law, and whilst we admit it to he the province of the jury to decide upon questions of fact, and that after so deeding upon doubtful evidence, if would he improper for the court to overturn their verdict, because, in its opinion, the jury erred upon the facts, we have no hesitation in saying, that in the present case, a new trial shoud have been awarded, The evidence upon which the jury found their verdict, is not of a doubt fed character there, was not a contrariety of testimony in relation to any point material to the issue; conceding to be true. every fact v. which the evidence condured to prove, is no pretext for saying this the apprentice Gideon was driven from the service of Medrath.
Mayes for plaintiff.
The verdict is most clearly against evidence, and has no law for its support, and should Dave been set aside
The judgment must be reversed with costs, the cause remanded to the court below, and the verdict set aside, and a new trial awarded, and such other and further proceedings there had, as may be consistent with this opinion.